FLEMING *v.* FIRE ASSOCIATION OF PHILADELPHIA.

1. SHIPPING— REGISTRY—ENROLLMENT — LICENSE—CHARACTER OF VESSEL.

A vessel of 66 tons burthen, enrolled and licensed in the office of the collector of the Port of Detroit, is a vessel of the United States, irrespective of the use to which she is put.

2. SAME—MORTGAGE—VALIDITY—RECORD.

A mortgage on a vessel of the United States, recorded in the office of the collector of the Port of Detroit, in which office she is registered and enrolled, as required by section 4192, U. S. Rev. Stat., is valid, notwithstanding she is in use as a ferry and the mortgage is not filed in the office of the city clerk of Detroit, as required by the State statute.

3. SAME—STATUS OF VESSEL.

The fact that the owner of a vessel may be using her in violation of the State law, and be liable to a penalty therefor, does not affect her status as a vessel of the United States.

4. SAME.

A vessel of the United States does not lose her status as such while in the Detroit river.

Error to Wayne; Murphy, J. Submitted January 25, 1907. (Docket No. 111.) Decided March 5, 1907.

Garnishment proceedings by William J. Fleming against the Fire Association of Philadelphia, impleaded with John Stevenson, Sr., as garnishee of J. Byron Sloane and John Stevenson, Jr. There was judgment for defendant Stevenson, Sr., and plaintiff brings error. Affirmed.

*Van Zile & Brownson,* for appellant.

*William P. Lane* and *A. B. Hall,* for appellee.

HOOKER, J. The steamer Hattie was a small propeller of 66 tons burthen. John Stevenson, Jr., owned a three-quarters interest in her, which he had insured with the Fire Association of Philadelphia, for $2,000. She was destroyed by fire on January 14, 1906. This controversy arises between two claimants of the fund due upon the insurance policy. The claim of the plaintiff, Fleming, arose as follows: Stevenson, Jr., became accommodation maker of two promissory notes, given by Sloane to Fleming, upon which the latter began an action in the Wayne circuit court, against Stevenson, Jr., and Sloane, by declaration filed January 20, 1906. Service was made upon Stevenson, Jr., only. This resulted in a judgment for plaintiff on May 31, 1906.

On February 7, 1906, a writ of garnishment issued out of the Wayne circuit, at the suit of Fleming, against the Fire Association, as garnishee of Stevenson, Jr. John Stevenson, Sr., the other claimant, was a creditor of John Stevenson, Jr., holding a mortgage upon the latter's interest in the vessel, dated February 17, 1904, as security for the sum of $2,000, at that time loaned to John Stevenson, Jr. He also held an assignment of the claim for insurance, given January 23, 1906, notice of which was received by the Fire Association at its office in Philadelphia on January 26th. Upon the trial of the garnishment case the claim of John Stevenson, Sr., was sustained, and a verdict was directed in his favor against the Fire Association. Fleming has removed the cause to this court.

This mortgage was recorded on December 18, 1905, in

the office of the collector of the Port of Detroit, under section 4192, U. S. Rev. Stat., and it was not filed in the city clerk's office in the city of Detroit, where plaintiff's counsel claim that the law of this State required it to be filed; and it is contended that it was therefore ineffective as a defense to the garnishment, which is said to have precedence. The Federal statute cited provides:

"No bill of sale, mortgage, hypothecation, or conveyance of any vessel, or part of any vessel, of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs and devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation, or conveyance is recorded in the office of the collector of the customs where such vessel is registered or enrolled."

The statute of this State providing for the filing of chattel mortgages (3 Comp. Laws, §§ 9523 to 9526, inclusive) is familiar, and need not be quoted.

The case must turn upon the question whether the recording of the mortgage was sufficient to protect Stevenson, Sr.'s, interest. U. S. Rev. Stat., § 4131, passed in 1792, provides:

"Vessels registered pursuant to law, and no others, except such as shall be duly qualified, according to law, for carrying on the coasting trade and fisheries, or one of them, shall be deemed vessels of the United States, and entitled to the benefits and privileges appertaining to such vessels."

Sections 4311 and 4318, U. S. Rev. Stat., respectively, are as follows:

"Sec. 4311. Vessels of twenty tons and upwards, enrolled in pursuance of this title, and having a license in force, or vessels of less than twenty tons, which, although not enrolled, have a license in force, as required by this title, and no others, shall be deemed vessels of the United States entitled to the privileges of vessels employed in the coasting trade or fisheries.

"Sec. 4318. Any vessel of the United States, navigating the waters on the northern, northeastern and northwestern frontiers, otherwise than by sea, shall be enrolled

and licensed in such form as other vessels; such enrollment and license shall authorize any such vessel to be employed either in the coasting or foreign trade on such frontiers, and no certificate of registry shall be required for vessels so employed. Such vessels shall be, in every other respect, liable to the regulations and penalties relating to registered and licensed vessels."

Counsel for the plaintiff state their claim thus:

" The steamer Hattie was enrolled and licensed in the office of the collector of customs in the Port of Detroit, and the mortgage was recorded in the same office. The collector's office of the Port of Detroit was the only place the mortgage was recorded. It was not recorded in the office of the city clerk of the city of Detroit. The mortgage, then, is valid against all creditors of John Stevenson, Jr., by such recording, if the steamer Hattie was a 'vessel of the United States.' Was she such a vessel, and was she entitled to the benefits and privileges appertaining to ships or 'vessels of the United States?'"

They maintain that the answer to their question must depend upon the business that the vessel was engaged in, and that, inasmuch as she had abandoned for two years the coasting trade for which she had previously been licensed by the Federal government, and had carried on the business of a ferry during that time, she was subject to the laws of the State, inasmuch as the State and the council of Detroit had authority to license and regulate ferries.

In *Chilvers* v. *People*, 11 Mich. 43, this court held that a ferry plying between Detroit and Windsor was engaged in foreign commerce, but that the State had, notwithstanding, the right to withhold a grant or franchise or license to conduct or operate such boat as a ferry, and that one so operating her without authority was liable to the statutory penalty, although the boat used was a vessel of the United States, licensed to do a coasting trade.

The fact seems to be that the vessel was engaged in running from Detroit (where she made two stops) to Wolf, a port on the Canadian side of the river. The

court thought that this was a coasting trade. Counsel contend that it was not, but that it was a ferry. It makes no difference which it may be called.

In the case of *Robinson* v. *Rice*, 3 Mich. 237, the court held that the Federal statute [U. S. Rev. Stat., § 4192], which provided that "no  *  *  *  mortgage  *  *  * of any vessel of the United States, shall be valid against any person, other than the mortgagor,  *  *  * unless such  *  *  *  mortgage  *  *  * be recorded in the office of the collector of the customs where such vessel is registered or enrolled," superseded the State law requiring the filing of mortgages. The status of the Hattie as a vessel of the United States depends upon registry, license, and enrollment, under the statutes cited, and not upon the uses that she may be put to or the accident of idleness. Being a vessel of the United States, her status is fixed, and interested persons may depend upon the record of mortgages in the collector's office. Any other rule would compel both such record and filing under the State law to insure safety to the mortgagee. The fact that her owner may be using her in violation of a State law, and liable to a penalty therefor, does not affect the question before us.

She was a vessel of the United States, and section 4192, U. S. Rev. Stat., applied to her, to the exclusion of the State statute; and we need not trouble ourselves with the question whether the Port of Detroit is or is not upon the high seas, as it can hardly be that a vessel of the United States loses her status as such while in the Detroit river.

The undisputed facts justify the action of the trial court, and his judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.